**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4100**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROSCOE ABELL,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:97-cr-00319-FDW-1)

———————

Submitted:  September 23, 2010    Decided:  November 10, 2010

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roscoe Abell appeals the twenty-four month sentence imposed by the district court after revoking his supervised release. Abell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but questioning whether the sentence imposed was plainly unreasonable. Abell was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

We review a sentence imposed upon revocation of supervised release to ensure that it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires us to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439). Only if the sentence is unreasonable do we proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the

advisory policy statement range based upon Chapter Seven of the U.S. Sentencing Guidelines Manual and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Our review of the record leads us to conclude that the district court sufficiently considered the advisory policy statement range of thirty to thirty-seven months' imprisonment and the statutory sentencing factors in imposing a sentence below the policy statement range and within the statutory maximum set forth in 18 U.S.C.A. § 3583(e)(3) (West Supp. 2010). We therefore conclude that the sentence imposed upon revocation of supervised release is not unreasonable, much less plainly so.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing,

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED